Jones, Obispo Católico de Puerto Rico *v.* El Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 107.—Resuelto en marzo 11, 1912.

Bienes de Religiosos—Traspaso de los Mismos a su Comunidad.—Cualquier religioso o religiosa, por el hecho de otorgar sus votos solemnes, traspasa a la comunidad a que pertenece no sólo sus bienes presentes, sino todos los que pueda adquirir en el futuro. *Quidquid monachus adquirit, monasterium adquirit.*

Derecho Canónico—Personalidad de la Iglesia Católica.—Cuando se trata de resolver sobre las relaciones que existen entre una religiosa, un convento y un prelado diocesano, como sucede en este caso, son aplicables las reglas dictadas, en uso de las facultades que tiene para regir sus propias instituciones, la Iglesia Católica, cuya personalidad ha sido plenamente reconocida por la Corte Suprema de los Estados Unidos y por ésta de Puerto Rico, dentro, desde luego, de las limitaciones constitucionales y de los principios del derecho internacional.

Censos—Efecto de su Inscripción a Favor de una Religiosa—Cancelación.—Inscrito el censo en este caso a favor de una religiosa Carmelita y otorgada su cancelación por el Obispo Católico de la diócesis a nombre del convento de las Monjas Carmelitas, está bien hecha la cancelación porque, aplicado el principio de derecho canónico que dejamos establecido, inscrito el censo a favor de la religiosa, de derecho quedó inscrito a favor de su convento y no puede sostenerse que sea distinta la persona que hace la cancelación de aquella a cuyo favor está inscrito el derecho.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Quintín Negrón Sanjurjo.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Pro-

piedad de San Juan, Sección 1ª., la escritura No. 28 otorgada en esta ciudad el 26 de abril de 1911 ante el Notario Público Quintín Negrón Sanjurjo por Monseñor William A. Jones, Obispo Católico de Puerto Rico, y Manuel Carvajal, sobre cancelación de dos censos, el registrador, el 11 de mayo de 1911, hizo la de uno de ellos y no admitió la de otro, o sea la del constituído sobre la casa No. 119 de la calle del Sol de esta ciudad, a favor de la monja Carmelita Sor Rosario María del Señor San José Ramírez, por estimar el registrador que consignándose en la escritura que el censo de Sor María se declara revertido a su convento, no es posible inscribir la cancelación sin que antes sea inscrita la reversión indicada.

Es bien cierto que el artículo 20 de la Ley Hipotecaria prescribe que para inscribir o anotar los títulos en que se transfiere o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

Pero tal precepto, que es realmente fundamental dentro de nuestro sistema hipotecario, no es aplicable a este caso para negar la inscripción solicitada, pues de derecho quedó inscrito el censo de que se trata a nombre del Convento de las Monjas Carmelitas, en cuya representación hizo el Obispo Católico la cancelación, al inscribirse a nombre de la monja Carmelita Sor María, y en tal virtud, no puede decirse que el derecho esté inscrito a nombre de persona distinta del que lo ejercita.

Cualquier religioso o religiosa, por el hecho de otorgar sus votos solemnes, traspasa a la comunidad a que pertenece, no sólo sus bienes presentes, sino también todo lo que pueda adquirir en el futuro. *Quidquid monachus adquirit, monasterium adquirit.*

Son estos principios de derecho canónico enteramente aplicables a este caso, ya que se trata de determinar los derechos correspondientes y las relaciones que existen entre una religiosa, un convento y un prelado diocesano, derechos y re-

laciones fijados por las reglas dictadas en uso de las facultades que tiene para regir sus propias instituciones la Iglesia Católica, cuya personalidad ha sido plenamente reconocida por la Corte Suprema de los Estados Unidos y por ésta de Puerto Rico, dentro, desde luego, de las limitaciones constitucionales y de los principios del derecho internacional.

*Ponce* v. *Roman Catholic Church,* 210 U. S., 296.

*Jones, Obispo Católico de Puerto Rico* v. *Registrador de San Juan, Sec. 1ª.,* 17 Dec. de P. R., 224, y *Román* v. *Registrador de San Juan,* 17 Dec. de P. R., 321, resoluciones de la Corte Suprema de Puerto Rico de febrero 14, 1911, y marzo 24, 1911, respectivamente.

Por las razones expuestas, debe revocarse la nota recurrida y ordenarse al registrador que verifique la inscripción solicitada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.